**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE,**
**WESTERN DIVISION AT MEMPHIS**

| | | |
|---|---|---|
| **THE BOARD OF EDUCATION OF** | ) | |
| **SHELBY COUNTY, TENNESSEE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No.  11-2101** |
| | ) | |
| **THE MEMPHIS CITY BOARD OF** | ) | |
| **EDUCATION; THE MEMPHIS CITY** | ) | |
| **COUNCIL; THE CITY OF MEMPHIS;** | ) | |
| **THE DEPARTMENT OF EDUCATION** | ) | |
| **OF THE UNITED STATES OF** | ) | |
| **AMERICA; ARNE DUNCAN, in his** | ) | |
| **official capacity as Secretary of the** | ) | |
| **Department of Education of the United** | ) | |
| **States of America; THE DEPARTMENT** | ) | |
| **OF JUSTICE OF THE UNITED STATES** | ) | |
| **OF AMERICA; ERIC HOLDER, in his** | ) | |
| **official capacity as the Attorney General of** | ) | |
| **the United States of America; THE STATE** | ) | |
| **OF TENNESSEE DEPARTMENT OF** | ) | |
| **EDUCATION; and PATRICK SMITH, in** | ) | |
| **his official capacity as the acting** | ) | |
| **Commissioner of State of Tennessee** | ) | |
| **Department of Education,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

The Shelby County, Tennessee Board of Education (hereinafter referred to as "Shelby County Schools"), by and through counsel, and for causes of action files this Complaint For Declaratory Judgment and joins as parties-defendant the following persons and entities necessary for the court to accord complete relief in this case: the Memphis City Board of Education, The Memphis City Council, the City of Memphis,  the United States Department of Education, Arne Duncan, in his official capacity as the Secretary of the United States Department Of Education,

the United States Department of Justice, Eric Holder, in his official capacity as the Attorney General of the United States of America, the State of Tennessee Department of Education and Patrick Smith, in his official capacity as the Commissioner of Education for the State of Tennessee.  In support of its request for relief the Shelby County Schools would show the Court as follows:

## I.     PARTIES

1.     Shelby County Schools is a body politic that serves as the Local Education Agency ("LEA") responsible for operating public schools in Shelby County, Tennessee as delegated by the State of Tennessee pursuant to Title 49, Tennessee Code Annotated.   Shelby County Schools stands *in loco parentis* of school age children in its care pursuant to Tenn. Code Ann. § 49-6-4203.

2.     For over 150 years, the Memphis City Board of Education has also operated a public school system in Shelby County, Tennessee but within the geographical boundaries of the City of Memphis.  The statutory source of the Memphis City Board of Education's charter to operate a public school system within the City of Memphis is uncertain, but it appears to arise, originally, in 1869 pursuant to 1869 Priv. Act. Ch. 30, which legislation purported to grant it a Charter to operate a public school system with boundaries coterminous with the boundaries of the City of Memphis.

3.     The Memphis City Council is the legislative body for the City of Memphis which considers, acts upon and has funded, in part, the budget of the Memphis City Board of Education as required by law.

4.     The City of Memphis is a governmental entity that has been required to fund the Memphis City Schools in conformance with the Basic Education Program (BEP), the anti-

2

supplanting statutes, and the Maintenance of Effort (MOE) provisions. *See The State of Tennessee, ex rel. The Board of Education of the Memphis City Schools, et al v. City of Memphis, et al.,* No. W2009-00366-COA-R3-CV, 2010 Tenn. App. LEXIS 13, *26, January 13, 2010.

5.      The Department of Education of the United States of America is an administrative agency of the United States responsible for the administration and enforcement of the provisions of a myriad of federal statutes addressing the education of school age children, including but not limited to,  the Individuals with Disabilities Education Act (IDEA), Title VI of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972, No Child Left Behind (NCLB), Section 504 of the Rehabilitation Act of 1973, Title II of the Americans with Disabilities Act of 1990 (ADA) and Title XIV of the American Recovery and Reinvestment Act of 2009 (ARRA). The Department of Education of the United States of America is joined herein as a necessary and indispensable party to this litigation because of its responsibility for the administration and enforcement of the provisions of the statutes cited above and in order to allow the Court to accord complete relief among the parties to this action.

6.      Arne Duncan is the Secretary of the Department of Education of the United States of America and he is named as a party to this action in his official capacity.  Arne Duncan as the Secretary of The Department of Education of the United States is joined herein as a necessary and indispensable party to this litigation because of his responsibility for the administration and enforcement of the provisions of the statutes cited above and in order to allow the Court to accord complete relief among the parties to this action.

7.      The Department of Justice of the United States of America is an agency of the United States, and is responsible for administration and enforcement of provisions of various federal statutes addressing and affecting the education of school age children, including but not limited to, Title II of the Americans with Disabilities Act of 1990 (ADA), Section 504 of the

Rehabilitation Act of 1973, Title VI of the Civil Rights Act of 1964, the Fourteenth Amendment of the Constitution of the United States of America and other laws intended to protect and defend the civil rights of public school students to receive a free and appropriate public education.  The Department of Justice of The United States of America is either is or joined herein as a necessary and indispensable party to this litigation because of its responsibility for the administration and enforcement of the provisions of the statutes cited above and in order to allow the Court to accord complete relief among the parties to this action.

8.      Eric Holder is the Attorney General of the United States of America and he is named as a party to this action in his official capacity.  Eric Holder as the Attorney General of the United States of America is joined herein as a necessary and indispensable party to this litigation because of his responsibility for the administration and enforcement of the provisions of the statutes cited above and in order to allow the Court to accord complete relief among the parties to this action.

9.      The State of Tennessee Department of Education is an agency of the State of Tennessee, and it is responsible for the administration and enforcement of a myriad of State and Federal laws protecting the rights of school age children and ensuring that each child is provided a free and appropriate public education, including but not limited to the First to the Top Act of 2010.  The State of Tennessee Department of Education is joined herein as a necessary and indispensable party to this litigation because of its responsibility for the funding, administration and enforcement of the provisions of the statutes cited above and in order to allow the Court to accord complete relief among the parties to this action.

10.     Patrick Smith is the acting Commissioner of Tennessee Department of Education and he is named as a party to this action in his official capacity.  Patrick Smith as the acting Commissioner of Tennessee Department of Education is joined herein as a necessary and

indispensable party to this litigation because of his responsibility for the administration and enforcement of the provisions of the statutes cited above and in order to allow the Court to accord complete relief among the parties to this action.

## II. JURISDICTION AND VENUE

11.     As agencies responsible for maintaining and operating public school systems and thereby providing public educations for the school children within their lawful boundaries, the Shelby County Schools is and the Memphis City Board of Education was until recently responsible for the direct implementation of dozens of federally and state mandated programs for the use and benefit of the children in their school systems.  These programs include, but are not limited to, the following federally and state mandated programs:   the Individuals with Disabilities Education Act (IDEA), Title VI of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972, No Child Left Behind (NCLB), Section 504 of the Rehabilitation Act of 1973, Title II of the Americans with Disabilities Act of 1990 (ADA), Title XIV of the American Recovery and Reinvestment Act of 2009 (ARRA), the First to the Top Act of 2010, the Tennessee Diploma Project, the Weldon Act, Tennessee Code Annotated 49-6-4201 *et seq.* known as the School Security Act of 1981, and Article XI, § 12, of the Tennessee Constitution.

12.     In addition, as more specifically detailed below, recent events concerning the Memphis City Board of Education's unprecedented unilateral and unplanned surrender of its Charter to operate a public school system and its accompanying abandonment of the children of the City of Memphis has, if valid, created the immediate effect of depriving the public school children of the City of Memphis of their due process and equal protection rights to attend public

school and to receive free educational benefits under the Constitutions and laws of the United

States of America and the State of Tennessee.

13.    This Court has subject-matter jurisdiction over the disputes raised in this

Complaint pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under the

Constitution and laws of the United States of America including, including but not limited to,

claims that the school children of the City of Memphis have been or will imminently be deprived

of their civil rights guaranteed under the Constitution of the United States of America.  This

Court has original jurisdiction pursuant to 28 U.S.C. § 1346 because Plaintiffs' claims are

asserted against certain agencies of the United States or officers thereof acting in their official

capacities. This Court has subject-matter jurisdiction over this actual controversy within its

jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202 and may declare the rights and other legal

relations of any interested party seeking such declaration and granted further necessary or proper

relief based on said declaratory  judgment.  The Court also has jurisdiction over this matter as

Plaintiff requests that the Court declare its rights, duties and obligations under numerous Federal

Statutes, as such a Federal question is created.  The Board of Education of Shelby County,

Tennessee, on its own behalf, and *in loco parentis* for the school children of the City of Memphis

for the limited purpose of raising Constitutional claims on their behalves pursuant to the highly

unusual circumstances arising from the Memphis City Board of Education's reckless conduct, is

an interested party entitled to declaratory and other relief.  The Court also has supplemental

jurisdiction over the claims set-forth herein arising under Tennessee law pursuant to 28 U.S.C.

§1367(a).

14.    Venue is proper in this District pursuant to 28 U.S.C. §1391(e)(3) because a

substantial part of the events or omissions giving rise to these claims occurred in this District and

a substantial part of the property that is the subject of the action is situated in this District.

### III.    FACTUAL BACKROUND

15.    Upon information and belief, in 1869 the Memphis City Board of Education was granted a Charter from the State of Tennessee to operate a public school system within the boundaries of the City of Memphis and it has done so, uninterrupted, for over 150 years, operating dozens of schools and serving hundreds of thousands of students within the City of Memphis during that time.

16.    Also upon information and belief, the Memphis City Board of Education has purported to operate as a special school district under the provisions of Tenn. Code Ann. § 49-5-500, *et. al*.

17.    Regardless of the precise statutory source of its grant of authority from the State of Tennessee to operate a school system (i.e. its Charter), on December 20, 2010, the Memphis City Board of Education suddenly and without a transition plan, voted to immediately dissolve and surrender its Charter to operate the City of Memphis' public school system citing, in the alternative as its authority to do so, the provisions of Tenn. Code Ann. § 49-2-502 and  a 50 year old Private Act, 1961 Priv. Act. Chapter 375 (A true and exact copy of the Resolution To Surrender Charter of Memphis City Schools is attached hereto and incorporated herein by reference as **Exhibit 1;** A true and exact copy of 1961 Priv. Act. Chapter 375 is attached hereto and incorporated herein by reference as **Exhibit 2**).

18.    The December 20, 2010 resolution surrendering the public school Charter of the Memphis City Board of Education contained neither a reasonable future date upon which the Memphis City School System would cease operations nor any provisions or plans for the orderly transfer of real and personal property owned by the Memphis City School system to the Shelby County School system, its legally obligated successor to the operation of the public schools within the City of Memphis.

7

19.     Rather, the surrender approved by the Memphis City Board of Education on December 20, 2010 was to be immediate and conditioned solely upon one or the other of the following acts of approval, whichever first occurred: a) either receipt of voter approval of the surrender in a public referendum pursuant to Tenn. Code Ann. § 49-2-502 (which referendum was promptly and improperly scheduled to be held on March 8, 2011); or b) the approval of the Charter surrender by the Memphis City Council pursuant to Chapter 375 of the 1961 Private Acts.

20.     Of extreme importance, neither Chapter 375 of the 1961 Private Acts, nor any other provision of Tennessee law, authorizes a winding up and/or liquidation period <u>after</u> the Memphis City Schools' Charter is surrendered.  The authority relied upon by these defendants provides that the school board's act of dissolving and surrendering its Charter shall be fully and immediately effective  upon the approval of the school system's Charter surrender by the Memphis City Council (formerly the Memphis City Board of Commissioners).

21.     Similarly, neither Chapter 375 of the 1961 Private Acts, nor any other provision of Tennessee law, contains authority permitting the Memphis City Council to create or adopt a plan of dissolution and consolidation or that would permit a wind up period after the Memphis City School's Charter was surrendered by the school system.  Rather, a plain reading of the cited authority leads to the unerring conclusion that the school system's dissolution and surrender of its Charter becomes---and was expressly intended to be---effective *immediately* upon the approval of its surrender by the Memphis City Council.

22.     When the Charter of the Memphis City Board of Education was surrendered and that surrender was approved by the Memphis City Council, the Memphis City Schools immediately lost its State granted authority to operate a public school system.

23.     On February 10, 2011, the Memphis City Board of Commissioners, now known as the Memphis City Council, voted to approve the Board of Education's unilateral surrender of its Charter to operate a public school system pursuant to the stated authority of Chapter 375 of the 1961 Private Acts.  See, City Council Resolution, dated February 10, 2011 at 5:22 PM (a true and exact copy of which is attached hereto and incorporated herein by reference as **Exhibit 3** to this Complaint).

24.     In its February 10, 2011 Resolution, the Memphis City Council expressly admitted the complete absence of legislative authority to create "a post Charter surrender winding up period," yet it nonetheless, unilaterally and without proper legal authority, purported to create from whole cloth a post surrender wind up period and a purported plan of dissolution and consolidation for a school system that no longer exists because of its own unilateral and unprecedented act of dissolving and surrendering its Charter in lieu of following established statutory authority for the orderly transfer of its assets to its successor.

25.     Pursuant to Tennessee law, when a special school district ceases to operate a public school system, the vacuum created by the exiting school system's withdrawal is required to be filled by the county board of education for the county in which the special school system is located---here the Shelby County Schools.  Historically, transfers of administrations of school systems in this state have followed procedures set forth in Tenn. Code Ann. § 49-2-1002 or Tenn. Code Ann. § 49-2-1201, *et seq.* which provide for specific and orderly procedures that are to be followed to implement transfers of authority, property and obligations in an orderly and businesslike manner for the benefit and protection of the children of the transferring school districts and the school districts to which they are transferred.  The Memphis City Schools and the Memphis City Council have failed and refused to follow any such procedures and have

9

created, thereby, a chaotic and dangerous vacuum by ending the legal foundation for the operation of the public schools of the City of Memphis.

26.    Recognizing, in part, some of the dangers commensurate with allowing a unilateral and unplanned closing of the Memphis City School System, on February 1, 2011, the State of Tennessee Commissioner of Education addressed joint correspondence to both the Shelby County Board of Education and the Memphis City Board of Education, acknowledging the action taken by the Memphis City Board of Education to surrender its Charter, and invoking the requirements of Tenn. Code Ann. § 49-5-203(d), which require the approval of a transition plan in order to ensure that the rights and privileges afforded  teachers by Tenn. Code Ann. § 49-5-203 are not impaired, interrupted or diminished by organizational changes as to a board of education.

27.    On February 7, 2011, the Superintendants of the Memphis City Board of Education and the Shelby County Schools communicated in a joint letter to the State of Tennessee Commissioner of Education their inability to prepare the required plan of transition by the deadline set forth in his February 1, 2011 letter.  (a true and exact copy of which is attached hereto and incorporated herein by reference as **Exhibit 4** to this Complaint).

28.    Even after receipt of the Commissioner's cautionary instructions, on February 10, 2011, the Memphis City Council's Resolution (Exhibit 1) purports to make its approval of the Charter surrender effective **immediately,** while at the very same time attempting to create by City Council action some form of wind up period that simply does not exist and that is not authorized by any existing Tennessee statute.  Upon information and belief, and based upon the plain language of the Resolution, the Memphis City Council's action intended to effect the immediate surrender of the Charter of the Memphis City Board of Education and to immediately

bring about the ending of its funding of the Memphis City Board of Education and its school system.

29.     If the legal effect of the surrender of the Charter of the Memphis City Schools is to remove all of the Memphis City Board of Education's authority to operate a public school system the immediate dissolution of the Memphis City Board of Education and its school system arguably also renders the Shelby County Schools responsible to fill the void it has created and, for purposes of this lawsuit only, to render Shelby County Schools *in loco parentis* to the school children of the City of Memphis. *See* Tenn. Code Ann.§ 49-6-4203.

30.     It is legally and factually ***impossible*** for the Shelby County Schools to immediately begin to operate the City of Memphis public school system without the employment of a thoughtful plan of transition which will accomplish, among other tasks, the complete and thoughtful transfer to the Shelby County Schools of the entire right, title and interest held by the Memphis City Board of Education in each and every asset it possesses in order to serve its student population and insuring the availability of adequate funding in the Shelby County School's budget to fund the transfer.

31.     Shelby County Schools does not own nor can it lawfully take possession of any real estate owned by its predecessor including, but not limited to, schools and other buildings necessary for the operation of the Memphis City schools.

32.     Shelby County Schools neither has the funds to operate the Memphis school system nor has it been granted access to the funds currently in the possession of the Memphis City Board of Education which have been accumulated from federal, state and private sources, and are intended specifically to operate the school system of the City of Memphis.

33.     Shelby County Schools does not employ sufficient teachers or other personnel to serve the children of Memphis.

34.     As a school system standing *in loco parentis* to the school aged children of the Memphis City Schools, it is necessary for Shelby County Schools to gain access to the students' confidential education records currently in the custody of the Memphis City Board of Education, but, at the present time, Shelby County Schools has no legal right to obtain or review the students' confidential educational records.  This is particularly crucial for all of the children who require special services pursuant to the Individuals with Disabilities Education Act (IDEA) and other similar programs, such as Section 504 of the Rehabilitation Act of 1973, which are required and administered by the United States of America and the State of Tennessee.

35.     Shelby County Schools has no contracts with principals, teachers, administrators, materials suppliers, food vendors, transportation companies, text book providers, internet service providers, service personnel or any other, similar, source of labor, goods, utilities or materials necessary for the operation of the Memphis school system.

36.     In summary, as the direct and proximate result of the Memphis City Board of Education's hasty, irrational and unilateral effort to immediately surrender its public school system charter and the City of Memphis' and Memphis City Council's decision to support the Board's unplanned and un-thoughtful effort to abandon its obligations to the children of Memphis, the only proper legal successor to the operation of the subject school system---the Shelby County Schools---has been left legally and factually incapable of timely, properly and reasonably acquiring and operating the subject schools before they must close.  Accordingly, the children of the City of Memphis are at grave risk that their civil rights to free public educations are being or will imminently be violated, through no fault of either the children of Memphis or the Plaintiff.  Unless this Court intercedes and declares the rights and obligations of the parties to this suit, over 100,000 students will not receive a free public education or the accompanying benefits of a myriad of state and federal programs, all because the Memphis Board of Education,

the Memphis City Council and the City of Memphis have refused to act in a reasonable and responsible manner in assuring an orderly and efficient plan of transition of the Memphis City school system to the Shelby County Schools.

37.     The conduct of the Memphis Board of Education, the Memphis City Council and the City of Memphis is wrongful, unconstitutional and deliberately indifferent to the constitutional and statutory rights of the school aged children of Memphis, and that conduct is directly, substantially and adversely damaging both the children of the Memphis public school system and the Shelby County Schools.

## COUNT I

### Violation of the Students' Fourteenth Amendment Rights

38.     Plaintiff adopts by reference paragraphs 1 through 37 of this Complaint.

39.     Plaintiff brings this cause of action *in loco parentis* on behalf of the public school children of Memphis, Tennessee.  *See* Tennessee Code Annotated § 49-6-4203.

40.     The hasty, irrational and irresponsible conduct of Defendants Memphis City Board of Education, Memphis City Council and the City of Memphis, made with deliberate indifference to the constitutional and statutory rights of the school aged children of Memphis has abridged and continues to abridge their right to a free and appropriate public education guaranteed by the Fourteenth Amendment to Constitution of The United States of America and the Constitution of the State of Tennessee, and in so doing, violates the students' due process and equal protection rights guaranteed under the equal protection clause of the Fourteenth Amendment to the Constitution of the United States.

41.     Based upon the purported surrender of the Memphis City Board of Education's charter, Shelby County Schools has obligations under both state and federal law to provide a free

public education to the school age children who currently reside in the boundaries of the City of Memphis. It is Shelby County Schools' intention to comply with these obligations in full and ensure that each school age child within the boundaries of the City of Memphis and, in fact, within the boundaries of Shelby County, is provided a free public education and the benefit of all state and federal programs to which they are entitled. However, because of the Memphis City Board of Education's and subsequently the Memphis City Council's failure to provide for a rational plan to transfer the administration of the Memphis City Board of Education to Shelby County Schools, it is impossible for Shelby County Schools to perform its obligations to the school aged children of the City of Memphis without some intervention by the Court.

42. Plaintiff is entitled to a declaratory judgment declaring the rights and responsibilities of plaintiff and defendants with regard to any and all statutes or other legal obligations related to the public education of school aged children and to such other relief to which plaintiff may be entitled.

43. Plaintiff is also entitled to such damages, attorneys fees and costs as are appropriate pursuant to 42 U.S.C. § §1983 and 1988.

## COUNT II

### Violation of the Student's Fourteenth Amendment Rights

44. Plaintiff adopts by reference paragraphs 1 through 43 of this Complaint.

45. Plaintiff brings this cause of action *in loco parentis* on behalf of the public school children of Memphis, Tennessee.

46. The 1961 Private Act 375, as applied by Defendants Memphis City Board of Education, Memphis City Council and the City of Memphis, abridges the rights of the Memphis public school students to a free and appropriate public education guaranteed by the Constitution

of the State of Tennessee, and thus violates the students' due process and equal protection rights guaranteed under the equal protection clause of the Fourteenth Amendment to the Constitution of the United States.

47.     Plaintiff is entitled to a declaratory judgment declaring the rights and responsibilities of plaintiff and defendants, and to such other relief to which plaintiff may be entitled.

48.     Plaintiff is also entitled to such damages, attorneys fees and costs as are appropriate pursuant to 42 U.S.C. § 1983 and 1988.

## COUNT III

### The 1961 Private Act Is Unconstitutional

49.     Plaintiff adopts by reference paragraphs 1 through 48 of this Complaint.

50.     The Private Act seemingly allows for charter surrender, 1961 Priv. Act. 375, whereby the Memphis City School System is purportedly authorized to surrender its charter to the Secretary of State at such time as the Memphis City Board of Education determines by resolution that such action is desirable, subject to approval by resolution of Memphis City Council.

51.     Article XI, Section 9 of the Tennessee Constitution provides in relevant part

… any act of the General Assembly private or local in form or effect applicable to a particular county or municipality either in its governmental or its proprietary capacity shall be void and of no effect unless the act by its terms either requires the approval by a two-thirds vote of the local legislative body of the municipality or county, or requires approval in an election by a majority of those voting in said election in the municipality or county affected.

52.     Based upon the foregoing, the 1961 Private Act regarding surrender of the Memphis City Board of Education's charter is unconstitutional as it does not meet the requirements of Article XI, Section 9 of the Tennessee Constitution.

53.     This Court should declare the 1961 Priv. Act. 375 unconstitutional and as such any action by the Memphis City Board of Education and the Memphis City Council under its provisions to be invalid and void.

## COUNT IV

### Rights and Responsibilities of Shelby County Schools With Respect to Teachers and Non-Licensed Staff Formerly Employed by Memphis City Schools.

54.     Plaintiff adopts by reference paragraphs 1 through 53 of this Complaint.

55.     The action of the Memphis City Board of Education failed to set a date certain for the consolidation with the Shelby County School System.

56.     On February 10, 2011, the Memphis City Council amended its earlier resolution to render its approval of the charter surrender effective immediately. Such hasty, irrational and irresponsible action made with deliberate indifference to the constitutional and statutory rights of the school aged children of Memphis endangers the free and appropriate public education of the Memphis school children.   In addition, such action creates uncertainty with respect to the rights, duties and other legal relations of the Shelby County Schools, including but not limited to legal relationships with the principals, teachers and staff of the Memphis City Schools, and the proper distribution of local, state and federal funding.

57.     Because of the irrational decision by the Memphis City School Board and The Memphis City Council to hastily abandon the school aged children in Memphis without a transition plan, Shelby County Schools does not presently have adequate funds to operate the properties necessary to house the current Memphis City students or to otherwise fund the transfer of administration from the City schools to the County schools.

58.     The Shelby County Board of Education and its Members and the City of Memphis Board of Education and its Members are precluded from funding the transfer of administration of the City school system or from continuing to provide services to current City of Memphis students past any undetermined date of dissolution, in that T.C.A. § 49-2-204 provides that:

> Any member of the board who votes to create debts beyond the legitimate income provided in the school budget for any school year or in any way misappropriates or misuses school funds commits a Class A misdemeanor, and shall forfeit office.

59.     This Court should utilize its equitable authority to declare the rights, responsibilities and legal relations of the parties and grant such further relief as is necessary to effectuate the proper, legal transfer of the operation of the Memphis City Schools to the Shelby County Schools in a manner which will not trample on the rights of the school aged children in Memphis to receive a free education pursuant to both the Constitution of the United States of America and the Tennessee Constitution.

## COUNT V

## Charter v. Statute

60.     Plaintiff adopts by reference paragraphs 1 through 59 of this Complaint.

61.     Under its Charter, the Memphis City School System is purportedly authorized to surrender its charter, subject only to approval by resolution of the Board of Commissions of the City of Memphis.

62.     In contrast, under state law, a special school district is authorized to transfer the administration of the schools within the special school district to the county board of education of the county in which the special school district is located, subject to a referendum.  Tenn. Code

Ann. § 49-2-501, *et seq*.  There are additional state law provisions for the consolidation of school systems.  Tenn. Code Ann. § 49-1-1201, *et seq*.

63.     As a result of these conflicting and contradictory statutory schemes, a case and controversy exists regarding the proper legal procedure required for the Memphis City Board of Education to cease operations.

64.     This case and controversy impacts the rights, duties and legal relations of the Shelby County Schools.

65.     Accordingly, this Court should determine the proper legal procedure required for the Memphis City Board of Education to cease operations.

## COUNT VI

### Teachers

66.     Plaintiff adopts by reference paragraphs 1 through 65 of this Complaint.

67.     Article XI Section 2 of the Tennessee Constitution provides that: Nothing contained in this Constitution shall impair the validity of any debts or contracts, or affect any rights of property or any suits, actions, rights of action or other proceedings in Courts of Justice.

68.     Tenn. Code Ann. § 49-5 -409 provides that:

(a)     Teachers in service and under control of the public elementary and high schools of Tennessee shall continue in such service until they have received written notice, from their board of education or superintendent, as appropriate, of their dismissal or failure of reelection.

> (b)(1) The notice shall contain a statement of prior authorization by a majority vote of the membership of the board with the name of the teacher being recorded in the minutes of the board. (2) The notice must be received prior to May 15 to be applicable to the next succeeding school year.

69.     Shelby County does not currently possess adequate funds to fund its current obligations and the transfer of administration of the City Schools to the County.

70.     The December 20, 2010, resolution passed by the Memphis City Board of Education and subsequently approved by resolution of the Memphis City Council renders it impossible for Shelby County Schools to comply with the requirements of Tenn. Code Ann. § 49-5-409 in that teachers cannot be placed, transfer of administration cannot occur, and property and funding disputes cannot be resolved in a proper, legal and timely manner.

71.     Accordingly, this Court should determine the rights, duties and legal relations of the parties.

## COUNT VII

### Students with Disabilities

72.     Plaintiff adopts by reference paragraphs 1 through 71 of this Complaint.

73.     The Individual with Disabilities in Education Act (IDEA), requires that each school provide a free and appropriate education (FAPE) to students with disabilities.  Further Section 504 of the Rehabilitation Act of 1973 requires that each school provide accommodations for each and every student with disabilities.

74.     Tenn. Code Ann. § 49-10-101 provides that each school district shall provide appropriate educational services to all students having disabilities.

75.     Tenn. Code Ann. § 49-10-109 provides that:

If a school district is found by the commissioner of education to have failed to provide necessary education to all children with disabilities who by law are entitled to receive the same from such school district, the commissioner may withhold all or such portion of the state aid for the regular public schools as, in the, commissioner's judgment, is warranted.

76.     The hasty, irrational and irresponsible conduct of the Memphis City Board of Education, made with deliberate indifference to the constitutional and statutory rights of the school aged children of Memphis impairs the ability of Shelby County Schools to fulfill its

responsibilities under the IDEA, § 504 of the Rehabilitation Act of 1973 and Tenn. Code Ann. §

49-10-101; thus, Shelby County faces a substantial risk that the Commissioner of Education

would withhold all or a portion of state aid.

77.     If the State withholds County or City school funds, services provided to City and

County students would have to be reduced. A reduction of services to County and City students

would not be in the best interest of students with disabilities.

78.     Accordingly, this Court should determine the rights, duties, and legal relations of

the parties.

## COUNT VIII

### School Security Act

79.     Plaintiff adopts by reference paragraphs 1 through 78 of this Complaint.

80.     Tenn. Code Ann. § 49-6-4201 *et seq*., more commonly known as the School

Security Act of 1981, requires that school systems, such as the Shelby County Schools, "secure a

safe environment in which the education of the students of this state may occur." Tenn. Code

Ann. § 49-6-4203(a).

81.     In the School Security Act of 1981 the legislature specifically recognized the

position of the schools *in loco parentis* for school aged children and "the responsibility this

places on principals and teachers within each school to secure order and to protect students from

harm while in their custody." Tenn. Code Ann. § 49-6-203(b).

82.     The immediate dissolution of the Memphis City Board of Education and its

school system and its abandonment of the school aged children in the City of Memphis appears

to, at least for purposes of the present lawsuit, render the Shelby County Schools *in loco parentis*

to the school aged children of the City of Memphis. *See id.*  However, because Shelby County

Schools has no access to the Memphis City Schools' buildings or other real property, school records, personal property, or any other asset of the Memphis City Schools, Shelby County Schools is left in the untenable position of being responsible for "secur[ing] a safe environment" for students when in fact it has no access to the environment the students occupy.

83.    Because Shelby County Schools does not have access to the Memphis City Schools' buildings or other real property, school records, personal property, or any other asset of the Memphis City Schools, or its principals, teachers or other personnel, the Shelby County Schools cannot carry out any responsibility it may have under this statute, indeed, it is a legal impossibility; accordingly, this Court should determine the rights, duties, and legal relations of the parties with regard to the School Security Act of 1981.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff the following relief:

a.    An Order of the Court requiring a speedy hearing of this matter pursuant to the authority of Rule 57, Federal Rules of Civil Procedure, because of the exigent risk of harm to the public school students of the City of Memphis and the Shelby County Schools caused by the hurried and legally defective abandonment of the Memphis City Board of Education's Charter to operate a public school system.

b.    A declaratory judgment declaring the rights, duties and legal relations of the parties with respect to the matters set forth in this Complaint, including, if legally appropriate, an Order either: 1) declaring when the transfer of the administration of the Memphis City Schools to the Shelby County Board of Education has been or will be effectuated; or 2)  declaring that the recent effort by the Memphis City Board of Education to abandon its Charter pursuant to the alleged authority of Chapter 375 of the 1961 Private Acts is null and void and of no force or

effect, thereby relieving the Shelby County Schools of any immediate responsibility for the affairs of the City of Memphis public school system .

       c.      An award of damages, attorneys' fees and costs.

       d.      Such other, further, different, special or general relief to which Plaintiff is entitled.

                                      Respectfully submitted,

                                      **THE BOARD OF EDUCATION OF SHELBY COUNTY, TENNESSEE**

                                By:    /s/ Lawrence F. Giordano
                                       /s/ Samuel L. Jackson
                                  Lawrence F. Giordano, BPR # 006104
                                  Charles W. Cagle, BPR # 13738
                                  Samuel L. Jackson, BPR # 21541
                                  Mary Ann Stackhouse, BPR # 017210
                                  Jason M. Bergeron, BPR # 23507

                                  LEWIS, KING, KRIEG & WALDROP, P.C.
                                  424 Church Street, Suite 2500
                                  P.O. Box 198615
                                  Nashville, Tennessee  37219
                                  (615) 259-1366

                                  Attorneys for Shelby County Board of Education, Plaintiff