```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

| | |
|---|---|
| BOARD OF EDUCATION OF SHELBY COUNTY, TENNESSEE, et al., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )  No. 11-2101<br>) |
| MEMPHIS CITY BOARD OF EDUCATION, et al., | )<br>)<br>)<br>) |
| Defendants. | ) |

**ORDER GRANTING MOTION TO INTERVENE AND GRANTING MOTION TO FILE CERTIFICATE OF CONSULTATION BY COUNSEL**

Before the Court is the March 23, 2011 Motion to Intervene filed by the Memphis Education Association ("MEA"), Keith O. Williams ("Williams"), and Karl Thomas Emens ("Emens") (collectively, "Proposed Intervenors"). (Mot. to Intervene, ECF No. 71.) Also before the Court is the Proposed Intervenors' April 4, 2011 Motion to File Certificate of Consultation by Counsel. (Mot. to File Certificate of Consultation by Counsel, ECF No. 108.)

Under Federal Rule of Civil Procedure 24(a)(2), courts must allow intervention as of right when a proposed intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing

of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The rule "is broadly construed in favor of potential intervenors." Purnell v. City of Akron, 925 F.2d 941, 950 (6th Cir. 1991) (citations omitted). Nevertheless, a proposed intervenor must satisfy four requirements to intervene as of right:

> (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect [its] interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest.

Coal. to Defend Affirmative Action v. Granholm, 501 F.3d 775, 779 (6th Cir. 2007) (citing Grutter v. Bollinger, 188 F.3d 394, 397-98 (6th Cir. 1999)).

Here, the Proposed Intervenors moved to intervene soon after learning that the potential transfer of administration of public schools located in the City of Memphis to the Shelby County Board of Education was an issue in this case. (Compare Mot. to Intervene 4 (seeking, on March 23, 2011, to intervene), with Compl. for Declaratory J. 21, ECF No. 1 (seeking, on February 11, 2011, a declaration of when the transfer of the administration of the public schools located within the City of Memphis to the Shelby County Board of Education has occurred or

2

will occur), and Pl.'s Mot. for Injunctive Relief 7, ECF No. 57 (seeking, on March 21, 2011, a preliminary injunction to prevent the Shelby County Commission from expanding the number of seats on, redistricting members' seats on, and appointing new members to the Shelby County Board of Education).)  Because the litigation is in its early stages, intervention is sought for the limited purpose of protecting professional employees' rights, the Proposed Intervenors moved to intervene promptly after discovering their interest in the litigation, no prejudice to the original parties would result from intervention, and no unusual circumstances are present, the Motion to Intervene is timely.  See United States v. Tennessee, 260 F.3d 587, 592 (6th Cir. 2001) (citing Grubbs v. Norris, 870 F.2d 343, 345 (6th Cir. 1989)).

The Proposed Intervenors have a substantial legal interest in the subject matter of the case because of their interest in ensuring that the rights and privileges of teachers in Memphis City Schools under Tennessee law are protected if the Shelby County Board of Education assumes or has assumed responsibility for public schools located in the City of Memphis. (See Mem. in Supp. of Mot. to Intervene 3, ECF No. 72.)  The MEA is an organization that represents professional employees working at public schools located in the City of Memphis. (See id.; Mot. to Intervene 2.)  Williams is a teacher at a Memphis public

3

school and President of the MEA.  (See Mot. to Intervene 2.) Emens is also a teacher at a Memphis public school. (See id.) The MEA and the Memphis City Schools Board of Education are parties to a collective bargaining agreement setting forth the terms and conditions of professional employees' employment. (See Mem. in Supp. of Mot. to Intervene 3-4.)

> Tennessee Code Annotated § 49-5-203(a) provides that:
>
> The change in the governmental structure of a school system or institution through the process of annexation, unification, consolidation, abolition, reorganization or transfer of the control and operation of a school system or institution to a different type governmental structure, organization or administration shall not impair, interrupt or diminish the rights and privileges of a then existing teacher; and such rights and privileges shall continue without impairment, interruption or diminution.

Tenn. Code Ann. § 49-5-203(a).  Tennessee Code Annotated § 49-5-203(b) provides that, "[i]f the teacher becomes the employee of another school system or institution as a result of a change in the governmental structure, then the rights and privileges of the teacher shall continue without impairment, interruption or diminution as obligations of the new government, organization or administration."  Id. § 49-5-203(b).  Professional employees working at Memphis public schools have a legally-recognized interest in the continuation of their rights and privileges if the Shelby County Board of Education becomes or has become the governmental entity responsible for administering public schools

4

located in the City of Memphis. See id. §§ 49-5-203(a), (b). Given that the Court of Appeals "has opted for a rather expansive notion of the interest sufficient to invoke intervention of right," Mich. State AFL-CIO v. Miller, 103 F.3d 1240, 1245 (6th Cir. 1997) (citations omitted), the Proposed Intervenors have demonstrated a substantial legal interest in the subject matter of the case sufficient to intervene.[1]  See, e.g., Shreve v. Franklin Cnty., No. 2:10-cv-644, 2011 WL 250407, at *2-5 (S.D. Ohio Jan. 25, 2011).

If the Court denied the Proposed Intervenors' Motion to Intervene, their legal interests could be affected if the Shelby County Board of Education and the Memphis City Schools Board of Education refuse to assume responsibility for public schools located in the City of Memphis because the two boards differ about whether school consolidation has occurred. The Proposed Intervenors' legal interests could also be affected if the Court concludes that Shelby County Schools and Memphis City Schools must be consolidated pursuant to a transition plan or that the Shelby County Board of Education has been responsible for public schools located in the City of Memphis since the Memphis City

---

[1] Although the MEA is an association, it appears at this stage of the litigation that it has standing because its members would have standing in their own right.  They have interests in the continuation of the terms and conditions of their employment, the interests the MEA seeks to protect are central to its purpose, and the claims asserted and relief requested by the parties in this litigation do not require the participation of the MEA's individual members.  See Heartwood, Inc. v. Agpaoa, 628 F.3d 261, 266 (6th Cir. 2010) (citations omitted).  The MEA also meets the standing requirements of Article III at this time.  See id.

5

Council voted to surrender the charter of the Memphis City Schools. The Proposed Intervenors could also be affected if the Shelby County Board of Education lacks funding to assume responsibility for public schools located in the City of Memphis. Therefore, the Proposed Intervenors' ability to protect their interests may be impaired in the absence of intervention. See Coal. to Defend Affirmative Action, 501 F.3d at 779; Ne. Ohio Coal. for Homeless v. Blackwell, 467 F.3d 999, 1007 (6th Cir. 2006); Shreve, 2011 WL 250407, at *5.

The parties now before the Court may not adequately represent the professional employees' legal interests. The present parties' primary concerns are whether and when school consolidation occurs or has occurred and whether certain state laws are constitutional, not whether the professional employees' rights are protected. The Proposed Intervenors' interests in the continuation of the terms and conditions of the professional employees' employment may be inconsistent with the existing parties' interests over the course of the litigation. Therefore, the Proposed Intervenors satisfy the fourth element required to intervene as of right. See Coal. to Defend Affirmative Action, 501 F.3d at 779; Pride v. Allstate Ins. Co., No. 10-13988, 2011 WL 692299, at *3 (E.D. Mich. Feb. 18, 2011); Shreve, 2011 WL 250407, at *5.

6

The Proposed Intervenors have satisfied each of the four requirements to intervene as of right.  See Fed. R. Civ. P. 24(a)(2); Coal. to Defend Affirmative Action, 501 F.3d at 779. Therefore, the Proposed Intervenors' Motion to Intervene is GRANTED.[2]  The Motion to File Certificate of Consultation by Counsel is also GRANTED.

So ordered this 5th day of May, 2011.

> s/ Samuel H. Mays, Jr.
> SAMUEL H. MAYS, JR.
> UNITED STATES DISTRICT JUDGE

---

[2] The Proposed Intervenors have also established grounds for permissive intervention because the Motion to Intervene is timely, the Proposed Intervenors raise questions of law and fact about the Shelby County Board of Education's obligations to professional employees working in schools located in the City of Memphis that are in common with those already before the Court, and no undue delay or prejudice would result from their intervention. See Fed. R. Civ. P. 24(b)(1)(B), (b)(3); Purnell, 925 F.2d at 950.

7