IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BOARD OF EDUCATION OF SHELBY COUNTY, TENNESSEE, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 11-2101 ) |
| MEMPHIS CITY BOARD OF EDUCATION, et al., | ) ) ) |
| Defendants. | ) ) |

**ORDER DENYING MOTION FOR ATTORNEY'S FEES**

On September 28, 2011, the Court entered a Consent Decree. (Order, ECF No. 262 ("Consent Decree").) Intervening Plaintiffs, Snowden Carruthers ("Carruthers"), Michael Wissman ("Wissman"), David Reaves ("Reaves"), Joseph Clayton ("Clayton") and David Pickler ("Pickler") (collectively, the "Intervenors") move for an award of attorney's fees under 42 U.S.C. § 1988(b). (Intervening Pls.' Mot. for Attorney's Fees, ECF No. 264.) Intervenors, members of the Board of Education of Shelby County, Tennessee, contend that they are prevailing parties, that their arguments strengthened the arguments of the Plaintiff, the Shelby County Board of Education, and that, without their involvement, an amicable and favorable settlement of this matter would not have been reached. (Id. 1.) The Memphis City

1

Council, the Memphis Education Association, the Board of County Commissioners of Shelby County, Tennessee ("Shelby County Commission"), the City of Memphis, and the Board of Education of the Memphis City Schools ("Memphis Board of Education") have all filed responses opposing the Intervenors' Motion. (Memphis City Council's Resp. in Opp. to First Request for Atty.'s Fees, ECF No. 274; Resp. of Intervening Defs. Memphis Education Association, Keith O. Williams, and Karl Thomas Emens to Intervening Pls.' Mot. for Attorney's Fees, ECF No. 265; Def. Board of Cnty. Comms. of Shelby Cnty., Tenn.'s Resp. to Intervenors' Mot. for Attorney's Fees, ECF No. 272; Def. City of Memphis' Resp. in Opp. to Intervening Pls.' Mot. for Attorney's Fees, ECF No. 275; Bd. of Education of Memphis City Schools' Resp. in Opp. to Intervening Pls.' Mot. for Attorney's Fees, ECF No. 273.) Intervenors replied on October 28, 2011. (Reply, ECF No. 271.) For the following reasons, Intervenors' Motion is DENIED.

**I. Background**

The Board of Education of Shelby County, Tennessee ("Shelby County Board of Education") filed this action on February 11, 2011, in response to the Memphis Board of Education's adoption of a resolution surrendering its charter. The Memphis Board of Education purported to transfer "the administration of Memphis City Schools to the Shelby County Board of Education."

(Resolution, ECF No. 1-2.) Invoking 42 U.S.C. § 1983, the Shelby County Board of Education sought a declaratory judgment declaring the rights, duties, and legal relations of all parties affected by the combination of the two school systems. The Intervenors moved to intervene on March 18, 2011, contending they might be deprived of positions on the Shelby County Board of Education in which they had a constitutionally protected property interest. (Mot. to Intervene ¶¶ 2-3, ECF No. 53.) Although the Court doubted they had a property right in their positions, (Order Granting Mot. to Intervene 4-5, ECF No. 97), the Court permitted the Intervenors to join the litigation because they "raise common questions about the legality of the Shelby County Board of Commissioners' actions." (Id. 7.)

On August 8, 2011, the Court entered an Order declaring the rights of the parties and concluding that the Shelby County Board of Education's voting districts were unconstitutional because they violated the one-person, one-vote principle. (Order 145, ECF No. 243 ("Decl. J.").) The parties engaged in judicial mediation, which led to a Memorandum of Understanding that the Court approved and to the Consent Decree.

## II. Standard of Review

Forty-two U.S.C. § 1988(b) provides that "the court, in its discretion, may allow the prevailing party [in a 42 U.S.C. § 1983 suit] . . . a reasonable attorney's fee as part of the

3

costs." "A 'plaintiff prevails when actual relief on the merits materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" Sandusky Cnty. Democratic Party v. Blackwell, 191 F. App'x 397, 399 (6th Cir. 2006) (quoting Farrar v. Hobby, 506 U.S. 103, 111-12 (1992)). "Settlement does not bar a plaintiff from establishing 'prevailing party' status." Black Elected Democrats v. Ohio Dep't of Admin. Servs., 1999 U.S. App. LEXIS 174, at *8 n.5 (6th Cir. Jan. 6, 1999) (citing Maher v. Gagne, 448 U.S. 122, 129 (1980)). Although "even an award of nominal damages suffices," Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res., 523 U.S. 598, 604 (2001), "a technical victory may be so insignificant as to be insufficient to support prevailing party status." Dillery v. City of Sandusky, 398 F.3d 562, 569 (6th Cir. 2005). The Sixth Circuit has recognized that an intervening plaintiff may be classified as a prevailing party for purposes of attorney's fees in a case that culminates in a consent decree. Sierra Club v. Hamilton Cnty. Bd. of Cnty. Comm'rs, 504 F.3d 634, 645 (6th Cir. 2007). That is true only when, without "the [intervenors'] efforts, the more comprehensive consent decree could not have come to fruition." Id. "[I]t is not every permissive intervenor who will be entitled to fees. Courts should deny fees to intervenors who have failed to play a significant role

4

in the litigation." Shaw v. Hunt, 154 F.3d 161, 168 (4th Cir. 1998). "'[A] court may deny a plaintiff-intervenor attorney's fees in a civil rights action if they played a de minimis role.'" Dept. of Fair Empl. & Hous. v. Lucent Techs, Inc., 642 F.3d 728, 742 (9th Cir. 2011) (quoting Seattle Sch. Dist. No. 1. v. Washington, 633 F.2d 1338, 1349 (9th Cir. 1980)). Attorney's fees may only be sought against intervenor defendants when the intervenors' action was "frivolous, unreasonable, or without foundation." Bogaert v. Land, No. 1:08-CV-687, 2009 U.S. Dist. LEXIS 31491, at *5 (W.D. Mich. April 14, 2009) (quoting Indep. Fed'n of Flight Attendants v. Zipes, 491 U.S. 754, 761 (1989)).

**III. Analysis**

The Intervenors are not prevailing parties based on their own claims or because of significant assistance they rendered to the original Plaintiff, the Shelby County Board of Education.

The Intervenors have not prevailed on their own claims. They asserted a constitutionally protected right in their positions on the Shelby County Board of Education. (Verified Intervening Compl. ¶ 13, ECF No. 53-2 ("Intervenors' Compl.").) The Court dismissed all of Intervenors' claims. The Court concluded they had no constitutionally protected right in their offices. (Decl. J. 136.) Intervenors moved to enjoin the Shelby County Commission from replacing the Intervenors on the Shelby Country Board of Education. (Intervenors' Compl. ¶¶ 18-

5

26.) Because the Court concluded that they had no constitutional right to their positions, the Intervenors were not entitled to injunctive relief. The Intervenors alleged that, "[e]ven assuming that the Commission were to appoint each of the Intervenors to the new 25 member school board . . . [they] would nevertheless suffer a diminution of their property interest." (Id. ¶ 15.) The Consent Decree established a twenty-three member interim Shelby County Board of Education. (Consent Decree 13.) The Intervenors did not receive the relief they requested. They had no constitutional right to their positions; they became members of a larger board; their terms will expire on September 1, 2013. (Id.) "[A] plaintiff who loses on the merits of its federal civil rights claim is not a 'prevailing party.'" Natl. Org. for Women v. Operation Rescue, 37 F.3d 646, 653-54 (D.C. Cir. 1994); see also D.C., Inc. v. Missouri, 627 F.3d 698, 701-2 (8th Cir. 2010) (a party does not prevail when its federal constitutional claim is dismissed).

Intervenors contend they prevailed because they sought "continued and uninterrupted terms of office on the Shelby County School Board," and because, as a result of their intervention, the Shelby County Commission "agreed to take none of the actions it desired to take with regard to modifying the composition of the Shelby County Board of Education." (Reply 3.) Intervenors did not retain their positions because of a

6

court-ordered injunction; the Shelby County Commission agreed, along with all other parties, to a resolution that permitted an orderly transition to common school system. "[A] defendant's voluntary change of conduct . . . is insufficient to make a plaintiff a prevailing party." Buckhannon Bd. & Care Home, 532 U.S. at 602. The Intervenors claims were dismissed. They did not prevail on their argument and did not receive the relief they sought.

Intervenors also contend that "the parties were able to reach a consent decree, in part, as a result of the intervention of and arguments set forth by Movants." (Intervening Pls.' Mem. of Law in Supp. of Their Mot. for Attorney's Fees 3, ECF No. 264-1 ("Intervenors' Mem.").) Intervenors filed a Motion to Intervene (ECF No. 53), a Motion for a Temporary Restraining Order (ECF No. 56), a Complaint (ECF No. 103), a Motion for Judgment on the Pleadings (ECF No. 140), and the present Motion for Attorney's Fees. Intervenors contend they "stayed [the Shelby County Commission's] hand, no doubt saving Shelby County untold sums of money." (Reply 5.) In fact, however, the Shelby County Board of Education brought suit initially, and the Intervenors' claims were ultimately meritless. The Court observed as much when it ruled on their Motion to Intervene, concluding that the Intervenors "have no substantial legal

7

interest in the subject matter of this litigation." (Order Granting Mot. to Intervene 3.)

Intervening plaintiffs receive attorney's fees because they are acting as "'private attorneys general'" and "the 'chosen instrument of Congress.'". Shaw, 154 F.3d at 166 (quoting Zipes, 491 U.S. at 758-60 (1989)). Intervenors did not "act effectively as private attorneys general in vindicating abuses of civil rights," and so are not "entitled to an award of attorney's fees." Wilder v. Bernstein, 965 F.2d 1196 1204 (2d Cir. 1992). Their actions did not lead to a material alteration in the legal relationship among the parties. Farrar, 506 U.S. at 111-12.

Cases where intervenors have received attorney's fees are distinguishable because the intervening plaintiffs prevailed on their own claims or were suing on behalf of others. The Sierra Club brought suit to remedy a Clean Water Act violation that had harmed a community for over a decade. Sierra Club, 504 F.3d at 637-38. In Shaw, the original plaintiffs brought suit challenging the constitutionality of North Carolina's congressional districts. Shaw, 154 F.3d at 162. The intervening plaintiffs who received attorney's fees adopted the plaintiffs' complaint and litigated the original plaintiffs' case. Id. at 163. see also Washington, 633 F.2d at 1349 (granting attorney's fees to public interest groups that

8

intervened in a school desegregation case). The Intervenors brought suit for their own benefit, argued for their own benefit, and were unsuccessful.

**IV. Conclusion**

For the foregoing reasons, Intervenors' Motion for Attorney's Fees is DENIED.

So ordered this <u>30th</u> day of September, 2012.

s/ Samuel H. Mays, Jr.<br>
SAMUEL H. MAYS, JR.<br>
UNITED STATES DISTRICT JUDGE