```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

```
BOARD OF EDUCATION OF SHELBY     )
COUNTY, TENNESSEE, et al.,       )
                                 )
    Plaintiffs,                  )
                                 )
                                 )
v.                               )    No. 11-2101
                                 )
MEMPHIS CITY BOARD OF            )
EDUCATION, et al.,               )
                                 )
    Defendants.                  )
```

```
THE BOARD OF COUNTY              )
COMMISSIONERS OF SHELBY          )
COUNTY, TENNESSEE,               )
                                 )
    Third-Party Plaintiff,       )
                                 )
v.                               )
                                 )
ROBERT E. COOPER, JR., et al.,   )
                                 )
                                 )
    Third-Party Defendants.      )
```

**ORDER DENYING SHELBY COUNTY COMMISSION'S MOTION TO COMPEL THE MEMPHIS PUBLISHING COMPANY**

Before the Court is Third-Party Plaintiff the Board of County Commissioners of Shelby County, Tennessee's (the "Commission") November 9, 2012 Motion to Compel compliance with

a subpoena duces tecum served on the Memphis Publishing Company (the "Commercial Appeal") on July 26, 2012. (ECF No. 445.)

The Commission alleges, inter alia, that any application of certain Municipal School Acts[1] or their attendant ordinances in Shelby County will result in racial segregation in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and the Class Legislation Clause of the Tennessee Constitution.  (Mem. in Support of Pl.'s Mot. to Compel, ECF No. 445-1.)  The Commission seeks production of a transcript of public comments about newspaper articles relating to the Municipal School Acts on the Commercial Appeal's website. The Commission also seeks the personal identification information of the individuals who posted the comments.  The Commission contends that the content of the comments is relevant to establishing that the passage of the Municipal School Acts and attendant ordinances was motivated in part by "an intent to achieve...a disparate racial impact."  (Id.)

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...."  Given "Rule 26(b)(1)'s clear focus on relevance, '[a] district court does not abuse its discretion in denying discovery when the discovery

---

[1] Chapter 1(b)(3), Chapter 905, and Chapter 970 of the Public Acts of the 107th Tennessee General Assembly.

requested would be irrelevant to the underlying issue to be decided.'"  Sigmon v. Appalachian Coal Props., 400 Fed. App'x 43, 50 (6th Cir. 2010) (quoting Green v. Nevers, 196 F.3d 627, 632 (6th Cir. 1999)).  The Commission's claim that the information it seeks concerning the opinions of the general readership of the Commercial Appeal is relevant to determining whether racial considerations were a motivating factor in the Tennessee General Assembly's decision to enact the Municipal School Acts is not well taken.

The information sought by the Commission is not relevant to the underlying issue to be decided and is not an appropriate subject of discovery in this case.  Therefore, the Commission's Motion to Compel is DENIED.


So ordered this 15th day of November, 2012.


s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE