# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| THE BOARD OF EDUCATION OF SHELBY COUNTY, TENNESSEE, | ) ) ) | |
| Plaintiff, Counter-Defendant, | ) ) | |
| v. | ) ) | No. 2:11-cv-02101-SHM-cgc |
| THE MEMPHIS CITY BOARD OF EDUCATION, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

|  |  |
|---|---|
| THE BOARD OF COUNTY COMMISSIONERS OF SHELBY COUNTY, | ) ) ) |
| Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| ROBERT E. COOPER, JR., in his official capacity as Attorney General of the State of Tennessee, *et al.*, | ) ) ) ) |
| Third Party Defendants. | ) |

## ORDER GRANTING THIRD-PARTY PLAINTIFF'S MOTION TO COMPEL PRODUCTION FROM STATE DEFENDANTS

Before the Court is Third Party Plaintiff, The Board of County Commissioners of Shelby County, Tennessee's ("County Commission") Motion to Compel Production (Docket Entry "D.E." #442) pursuant to Rule 37 of the Federal Rules of Civil Procedure from the following Defendants: Robert E. Cooper, Jr., Attorney General for the State of Tennessee; Tre Hargett, Secretary of State

1

for the State of Tennessee; Mark Goins, Coordinator of Elections for the Tennessee Department of State; The Tennessee Department of State, Division of Elections; and, Kevin Huffman, Commissioner of the Tennessee Department of Education (collectively "State Defendants"). The instant motion was referred to the United States Magistrate Judge for determination. (D.E. #446). For the reasons set forth herein, the County Commission's Motion to Compel is hereby GRANTED.

## I. Introduction

On or about September 21, 2012, the County Commission alleges that it served the State Defendants with its Second Set of Requests for Production of Documents and Things ("Second Set of Requests"),[1] which contained the following request:

> Produce any and all documents or communications received by the Tennessee General Assembly, or any of its legislators in either the House or the Senate, or any representatives or agents thereof, or by the Governor's Office, its Staff, or any representatives or agents thereof, in any format, including electronic mail, from any citizen constituent, resident or anyone else, concerning or related to the consolidation of the Memphis City School system with the Shelby County School system, the creation of municipal or special school districts in Shelby County and any legislation, bill, ordinance or resolution related thereto, including but not limited to the School Acts.[2]

The State Defendants have apparently opposed the production as it relates to the General

---

[1] The Second Set of Requests were not filed with the instant motion, and they do not appear to be part of the record before the Court. As the State Defendants have not responded to the instant motion, the Court will presume for purposes of this motion that the text of the request and the bases for the objections are accurately summarized in the motion.

[2] The parties have apparently reached an agreement with respect to narrowed requests for production as to the Governor's Office; however, they have not reached an agreement with respect to the requests as to the General Assembly. (Memo. in Support of Mot. to Compel at 6 n.1; Certificate of Consultation to Mot. to Compel; Mot. to Compel, Exh. A, ("Exh. A") at 1, filed at D.E. #44). In any event, the sole issues raised by the movant in the instant motion regard the requests as to "the Tennessee General Assembly, or any of its legislators in either the House or Senate, or any representatives or agents thereof." Thus, the Court will only address these requests in this Order.

Assembly on three grounds: (1) that the General Assembly is not a named Defendant in this case; (2) that the production is protected by the Speech or Debate Clause Privilege; and (3) that the production is protected by the deliberative-process privilege. However, the State Defendants have not responded to the instant motion and to the County Commission's arguments therein.

## II. Analysis

### A. *Failure to File Response*

Pursuant to Local Rule 7.2(a)(2), the non-movant shall file a response within fourteen days after service of the motion, and "[f]ailure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion." In this case, Plaintiff failed to respond to the motion within the fourteen days provided by the Local Rules. For this reason alone, the Court has cause to grant the instant motion. However, the Court elects to further address the substantive bases of the motion.

### B. *Discovery from General Assembly*

First, the State Defendants have opposed the production on the grounds that the General Assembly is not a named party to the instant case. As such, the State Defendants claim that the County Commission cannot request production of documents from the General Assembly, its legislators, representatives or agents via discovery requests served upon the Attorney General.

To challenge the constitutionality of a state statute and to enjoin its enforcement, the state attorney general has been deemed to be the appropriate named party. *Mayhew v. Wilder*, 46 S.W.3d 760, 775 n.1 (Tenn. Ct. App. 200) (concluding that the Attorney General was a named party because, although their were no allegations of his wrongdoing, injunctive relief against the enforcement of an enactment of the legislature was sought); *Cummings v. Beeler*, 223 S.W.2d 913,

917 (Tenn. 1949) (stating that the Attorney General is a necessary and proper party to challenge the constitutionality of a state statute). Tennessee law requires that the Attorney General shall be "served with a copy of the proceeding and be entitled to be heard" in any instance where a statute of statewide effect is alleged to be unconstitutional. Tenn. Code Ann. § 29-14-107. Rule 5.1 of the Federal Rules of Civil Procedure likewise requires service upon the state attorney general in any instance where the constitutionality of a state statute is questioned. Fed. R. Civ. P. 5.1.

On the contrary, the Court has not been presented with any authority for the proposition that the General Assembly, its legislators, representatives, or agents must be named as parties to a challenge of the constitutionality of a state statute. In fact, individual state legislators "are entitled to absolute immunity for actions taken in their legislative capacities." *Bradley v. Mallory*, No.88-3988, 1989 WL 25523, at 1 (6th Cir. Feb. 24, 1989) (citing *Tenney v. Brandhove*, 341 U.S. 367 (1951)). Further, the Tennessee Court of Appeals has taken "no position on whether the General Assembly, the Senate or the House of Representatives, as separate bodies, could in a proper case be sued for prospective or declaratory relief." *Mayhew*, 46 S.W.3d at 775 n.1.

Thus, the Court must only determine whether the County Commission can serve requests for production upon the Attorney General for information relating to the General Assembly, its legislators, representatives, or agents. Under Rule 37 of the Federal Rules of Civil Procedure, a "party seeking discovery may move for an order compelling an answer, designation, production or inspection" on various grounds, including if party fails to produce or permit inspection under Rule 34. Fed. R. Civ. P. 34(a)(3)(B)(iv). Rule 34 permits a party to serve on any other party a request to produce or permit inspection of certain items within the scope of discovery under Rule 26(b), including designated documents or electronically stored information that is in the responding party's

"possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "Control" has been construed to mean "the legal right, to obtain the documents requested upon demand . . . even though [the party] presently may not have a copy of the document in its possession." *John B. v. Goetz*, No. 3:98-0168, 2010 WL 854110, at *58 (M.D.Tenn., Jan. 28, 2010). This question of whether the requests are proper upon the Attorney General, therefore, turns on whether the documents are in the Attorney General's possession, custody, or control.

The Attorney General for the State of Tennessee has been statutorily tasked with extensive duties as the state's legal representative. The Attorney General is deemed the "chief executive officer" for the "legal department" of state government. Tenn. Code Ann. § 4-3-111(1); § 4-3-1502; § 8-6-102. The Attorney General is tasked with the "trial and direction of all civil litigated matters . . . in which the state of Tennessee or any officer, department, agency, board, commission or instrumentality of the state may be interested." Tenn Code Ann. § 8-6-109(b)(1). The Attorney General "shall represent all offices, departments, agencies, boards, commissions or instrumentalities of the state . . . ." Tenn. Code Ann. § 8-6-301(a). The Attorney General shall "direct and supervise all investigations and litigation necessary to the administration of the duties of the various offices, departments, agencies, boards, commissions or instrumentalities of the state." Tenn. Code Ann. § 8-6-301(b). "All legal services required by such offices, departments, agencies, boards, commissions or instrumentalities of the state shall be rendered by, or under the direction of, the attorney general and reporter." Tenn. Code Ann. § 8-6-301(a).

Based upon these statutory duties to handle "all legal services," "direct and supervise" all litigation, and "represent" the State of Tennessee, one such responsibility must be to respond appropriately to discovery requests on behalf of the entities of the state government that he

represents as required by the Federal Rules of Civil Procedure. There is no information in the record indicating that the Attorney General does not have the legal right to obtain responsive documents on demand from the General Assembly, its legislators, representatives or agents. Such a legal right constitutes "control" for purposes of Rule 34. Additionally, other courts have reached the conclusion that a state's attorney general, acting as the state's legal counsel, maintains control over documents for purposes of Rule 34. *See, e.g., Bovarie v. Schwarzenegger*, Civil No. 08cv61 LAB (BLS), 2011 WL 719206 (S.D.Cal., Feb. 22, 2011); *Gray v. Faulkner*, 148 F.R.D. 220 (N.D.Ind. 1992). Thus, the Court concludes that the General Assembly and its legislators, representatives, or agents do not need to be named parties to the instant suit for the Attorney General of the State of Tennessee to be required to respond to discovery requests on their behalf.

### C. Speech or Debate Clause Privilege

Next, the State Defendants assert that the speech or debate clause privilege prohibits the County Commission from seeking the discovery as requested. Under Federal Rule of Evidence 501, privilege shall be governed by federal law in cases where jurisdiction is based upon a federal question. Fed. R. Evid. 501. The Sixth Circuit has further held that, even if the case has supplemental state law claims in addition to the federal question claims, a court is not relieved of its obligation to apply the federal law of privilege. *Hancock v. Dodson*, 958 F.2d 1367, 1373 (6th Cir. 1992).

The United States Constitution's Speech and Debate Clause provides that Senators and Representatives "shall not be questioned in any other Place" for "any Speech or Debate in either House." U.S. Const. art. I, sec. 6. However, courts have routinely held that the federal constitutional protection applies only to United States Senators and Representatives, not state

6

legislators.  *See Doe v. Nebraska*, 788 F. Supp. 2d 975, 984 (D.Neb. 2011); *Florida Ass'n of Rehab Facilities, Inc. v. State of Fla. Dep't of Health & Rehab Servs.*, 164 F.R.D. 257, 266 (N.D.Fla. 1995); *Committee for Fair & Balanced Map. v. Illinois State Board of Elect.*, 2011 WL 4837508, at *5 (N.D.Ill. Oct. 12, 2011).  Additionally, while the Tennessee Constitution contains its own Speech and Debate Clause, the United States Supreme Court has held that its protections are neither ensconced in federal common law nor is their application in federal proceedings "compelled by principles of federalism rooted in our constitutional structure."  *United States v. Gillock*, 445 U.S. 360, 366-371 (1980).  Accordingly, the Court finds that neither the federal nor state Speech or Debate protections prohibit the discovery requests in the instant case.

### D.  *Deliberative Process Privilege*

Finally, the State Defendants assert that the documents requested are protected by the deliberative-process privilege.  The deliberative-process privilege is qualified and applies to documents that are "predecisional," meaning that they are "received by the decisionmaker on the subject of the decision prior to the time the decision is made," and "deliberative," meaning that they are the "result of a consultative process."  *Rugiero v. U.S. Dep't of Justice*, 257 F.3d 534, 550 (6th Cir. 2001) (quoting *Schell v. United States Dep't of Health and Human Servs.*, 843 F.2d 933, 939 (6th Cir. 1988)).

In cases "when a plaintiff's cause of action turns on the government's intent," however, the deliberative-process privilege has been held not to apply.  *See In re Subpoena Duces Tecum Served on Office of Comptroller of Currency*, 145 F.3d 1422, 1424 (D.D.C. 1998).  Under such circumstances, including "a constitutional claim for discrimination,""it makes no sense to permit the government to use the privilege as a shield."  *Id.*  "The central purpose of the privilege is to

7

foster government decisionmaking by protecting it from the chill of potential disclosure." *Id.* Yet when the essence of a cause of action is to "deliberately expose[] government decisionmaking to the light, the privilege's raison d'être evaporates." *Id.*

In the instant case, one of the central issues in this case is whether Chapter 1(b)(3), Chapter 905, and Chapter 970 of the Public Acts of the 107th Tennessee General Assembly (collectively "Municipal School Acts") and the Municipal Ordinances enacted pursuant to the Municipal Schools Acts (collectively "Municipal Ordinances") violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution or Title VII of the Civil Rights Act, 42 U.S.C. § 1983. The County Commission has alleged that any application of the Municipal Schools Acts and Municipal Ordinances will disproportionately impact African-Americans residing in Shelby County and will result in more racially segregated schools. The County Commission has further alleged that the passage of the Municipal School Acts and Municipal Ordinances was motivated, at least in part, by an intent to achieve such a disparate racial impact. Due to the nature of the claims, the intent of the legislature is at issue in the instant case. Under such circumstances, the deliberative-process privilege does not apply and cannot be invoked to prevent disclosure.

The County Commission has noted in its Motion that courts do not always elect to admit such evidence, as absent arbitrariness or irrationality, "courts are loathe to review the merits" of a governmental decision-making body. *United States v. City of Birmingham, Michigan*, 538 F. Supp. 819, 827 (E.D.Mich. 1982) (citing *Village of Arlington Heights v. Metropolitan Housing Development Authority*, 429 U.S. 252, 265-66 (1977)). Yet, the County Commission also appropriately notes that courts may choose that such evidence is relevant when there is proof that a discriminatory purpose has been a motivating factor behind such a decision. *Id.* It is important

8

to reiterate that, under Rule 26 of the Federal Rules of Civil Procedure, the Court does not address the ultimate admissibility of the evidence; instead, the Court merely must determine whether the documents sought are nonprivileged and relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* As the Court has found the intent of the legislation has been raised, the Court finds that Rule 26 does permit the County Commission to seek the discovery at issue in the instant motion.

### III. Conclusion

For the reasons set forth herein, the County Commission's Motion to Compel Production of Documents and Things (D.E. #442) is hereby GRANTED.

**IT IS SO ORDERED** this 30th day of November, 2012.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE
