```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```

| | |
|---|---|
| BOARD OF EDUCATION OF SHELBY COUNTY, TENNESSEE, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | )    No. 11-2101 ) |
| MEMPHIS CITY BOARD OF EDUCATION, et al., | ) ) ) ) ) |
| Defendants. | ) |

# ORDER

On September 28, 2011, the Court approved a Consent Decree governing the transfer of administration of the Memphis City Schools to the Board of Education of Shelby County, Tennessee (the "Shelby County Board of Education"). The transfer is to become effective at the start of the school year in 2013.

Under the terms of the Consent Decree, the Court retains jurisdiction to enforce the Consent Decree and has the authority to appoint a special master to assist in implementing the Decree.

By order dated February 25, 2013, the Court invited the parties to submit responses addressing whether a special master

should be appointed at this time, what the duties of a special master should be, and who might be considered.

The City of Memphis, the Memphis City Council, the six Municipal Defendants, and the Shelby County Board of Education have responded. All recommend the appointment of a special master at this time. They make various recommendations about the duties of a special master, and some parties have suggested individuals to consider. The Memphis Education Association has submitted a supplemental statement in which it makes suggestions about the qualifications of a special master. The City of Memphis and the Memphis City Council have replied to the supplemental statement.

After considering the Consent Decree, recommendations of the parties, and the entire record in this cause, the Court has concluded that the appointment of a special master at this time is necessary to assist the Court in enforcing the Consent Decree.

The special master shall proceed with all reasonable diligence to perform the following duties:

1) To monitor the work of the Shelby County Board of Education as it makes the decisions necessary to transfer the administration of the Memphis City Schools to the Shelby County Board of Education;

2) To assist the Shelby County Board of Education and its staff in making decisions and in establishing and maintaining deadlines for decisions;

3) To ensure that the issues identified in the Transition Plan approved by the Transition Planning Commission and reviewed by the Commissioner of the Tennessee Department of Education are considered and resolved in a timely and appropriate way;

4) To work with the parties and the Tennessee Department of Education as necessary to provide that the rights of teachers are not impaired, interrupted, or diminished;

5) To work with the Shelby County Board of Education in establishing a practical budget for the combined school systems and with the appropriate parties to the Consent Decree that the budget is adequately funded;

6) To gather such information as may be necessary to implement the Consent Decree and to report to the Court orally or in writing, as may be necessary, considering always that time is of the essence;

7) To promote cooperation among the parties and among the members of the Shelby County Board of Education and to encourage voluntary compliance with the Consent Decree; and

> 8) To recommend specific action by the Court if decisions are not made or not timely made.

The special master may communicate ex parte with the Court, with counsel, with representatives of any party, or with such other individuals as necessary to perform his duties.

The Court appoints Rick Masson of Shelby County, Tennessee, as special master. Mr. Masson has experience in municipal administration and finance, the organization and management of nonprofit organizations, and strategic planning for public agencies. He will serve at the pleasure of the Court and be compensated at the rate of $250 an hour, plus expenses, payable monthly. His compensation will be paid one-half by the Memphis City Schools and one-half by the Shelby County Schools, as provided in the Consent Decree. He will assume his duties on the entry of this order. The special master is directed to take all appropriate measures to perform his assigned duties fairly and efficiently.

After diligent inquiry, the Court has determined that there is no ground to disqualify the special master under 28 U.S.C. § 455.

The Court's purpose in entering this order is not to assume the management of the two school systems or to make decisions about the transition. The Court's purpose is to fulfill its obligation to enforce the Consent Decree. At a minimum, that

means that, in adequate time before the beginning of the school year in 2013, students will know the school they will attend and how they will get there, have a safe and clean place to learn, have teachers prepared to teach them, and have an established curriculum. It also means that the Shelby County Board of Education must, as soon as practicable, appoint a single superintendent with strong educational credentials, even if on an interim basis.

If circumstances require, the Court is prepared to expand the duties of the special master and to make such decisions as may be necessary to enforce the Consent Decree. No such decisions will be made without giving all parties notice and an opportunity to be heard.

So ordered this 5th day of March, 2013.

                                        s/ Samuel H. Mays, Jr._____
                                        SAMUEL H. MAYS, JR.
                                        UNITED STATES DISTRICT JUDGE