```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

| | |
|---|---|
| **BOARD OF EDUCATION OF SHELBY COUNTY, TENNESSEE, et al.,** | ) ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) No. 11-2101 ) |
| **MEMPHIS CITY BOARD OF EDUCATION, et al.,** | ) ) ) ) |
| **Defendants.** | ) |

## ORDER

On June 26, 2012, Defendant/Counterclaimant Board of County Commissioners of Shelby County, Tennessee (the "Shelby County Commission") filed a Third-Party Complaint for declaratory relief, permanent and preliminary injunctive relief, and an expedited hearing. (ECF No. 288.) The Shelby County Commission alleged that Chapter 905 ("Chapter 905") and Chapter 970 ("Chapter 970") of the Tennessee Public Acts of 2012 and Chapter 1, Section 3 ("Chapter 1") of the Tennessee Public Acts of 2011 violated the Fourteenth Amendment to the Constitution of the United States and Article 11, Sections 8 and 9 of the Constitution of the State of Tennessee.

In an Order on November 27, 2012 (the "November 27 Order"), the Court voided Chapter 905 of the Tennessee Public Acts of 2012 as unconstitutional under Article XI, Section 9 of the Tennessee Constitution because Chapter 905 was effectively applicable only to Shelby County, Tennessee. (Nov. 27, 2012 Order 64, ECF No. 459.) The November 27 Order voided all actions taken under Chapter 905 and enjoined any actions taken under Chapter 905 to establish municipal school systems in Shelby County. (Id.) The Court did not opine as to Chapter 970 or Chapter 1. On April 24, 2013, Tennessee Governor Bill Haslam signed Public Chapter 256 ("Chapter 256"), which, among other things, deleted Tenn. Code Ann. § 6-58-112(b), the section prohibiting the establishment of municipal school systems in Tennessee.

A "statute passed during the course of litigation may make unnecessary a determination of the former controversy" and render a case moot. Morrison Cafeteria Co. of Nashville, Inc. v. Johnson, 344 F.2d 690, 692 (6th Cir. 1965) (citation omitted); see also Kentucky Right to Life v. Terry, 108 F.3d 637, 644 (6th Cir. 1997) (in a First Amendment case, stating that "overbreadth challenges to statutes become moot when the challenged language is effectively nullified by subsequent statutory amendment"); see also 15-101 Moore's Federal Practice § 101.98 ("When a statute, regulation, or any other type of

2

legislation is passed while litigation is pending, and the new legislation corrects or cures the condition complained of, the underlying claim may be rendered moot.").

The parties are invited to address whether the passage of Chapter 256 moots the remaining claims in the Third-Party Complaint. Submissions should be filed no later than August 23, 2013. Responses to the submissions should be filed no later than August 30, 2013.

So ordered this 14th day of August, 2013.

                                                      s/ Samuel H. Mays, Jr.  
                                                      SAMUEL H. MAYS, JR.  
                                                      UNITED STATES DISTRICT JUDGE