```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```

| | |
|---|---|
| BOARD OF EDUCATION OF SHELBY ) <br> COUNTY, TENNESSEE, et al.,  ) <br> ) <br> Plaintiffs,           ) <br> ) <br> ) <br> v.                    ) <br> ) <br> MEMPHIS CITY BOARD OF       ) <br> EDUCATION, et al.,         ) <br> ) <br> Defendants.           ) | No. 11-2101 |

```
THE BOARD OF COUNTY              )
COMMISSIONERS OF SHELBY          )
COUNTY, TENNESSEE,               )
                                 )
    Third-Party Plaintiff,       )
                                 )
v.                               )
                                 )
ROBERT E. COOPER, JR., et al.,   )
                                 )
                                 )
    Third-Party Defendants.      )
```

## ORDER

Before the Court is the January 14, 2014 Rule 41(a)(2) Joint Motion for Dismissal with Prejudice (the "Motion"). (ECF No. 541.) Third-Party Plaintiff the Board of Commissioners of Shelby County (the "Shelby County Commission"), Third-Party Plaintiffs the City of Memphis and the Memphis City Council

(together, the "City Plaintiffs"), Third-Party Defendants Robert E. Cooper, Jr., Attorney General of the State of Tennessee; Tre Hargett, Secretary of State of the State of Tennessee; Mark Goins, Coordinator of Elections for the Tennessee Department of State; the Tennessee Department of State Division of Elections; the Tennessee Department of Education; and Kevin Huffman, Commissioner of the Tennessee Department of Education, all in their official capacities only (collectively, the "State Defendants"), and Intervening Third-Party Defendants the City of Germantown, the Town of Collierville, the City of Bartlett, the City of Lakeland, the City of Millington, and the Town of Arlington (collectively, the "Municipalities"), (collectively, the "Parties"), jointly move for dismissal of the Third-Party Complaints with prejudice.  (Id.)  Included with the Motion are Agreements of Compromise and Settlement (the "Agreements") among the Shelby County Commission and the Shelby County Board of Education and each of the Municipalities.  (ECF Nos. 541-1, 541-2, 541-3, 541-4, 541-5, 541-6.)

    The Shelby County Commission has brought third-party claims on its own behalf and on behalf of the school children of Shelby County, Tennessee, against the State Defendants, and this Court has held that it is permitted to assert the rights of those school children.  (Third Am. Third-Party Compl., ECF No. 429; Order, ECF No. 459 at 26-27.)  The County Commission's Third

Amended Third-Party Complaint alleges violations of Tennessee and federal law, including violations of the Equal Protection Clause of the Fourteenth Amendment.

The Municipalities have intervened and aligned themselves as Defendants. (ECF No. 293; ECF No 347.) The City Plaintiffs have aligned themselves with the Shelby County Commission, bringing similar third-party claims against the State Defendants and the Municipalities (ECF No. 428.)

The Shelby County Commission and the Shelby County Board of Education have entered into the Agreements with each of the Municipalities and their respective school boards in which all claims that the parties to the Agreements have raised or could have raised in the instant lawsuit, including all equal protection claims arising under federal or state law related to the creation or existence of the municipal school districts, have been settled and released. (ECF Nos. 541-1, 541-2, 541-3, 541-4, 541-5, 541-6.) The Court has reviewed the terms of the Agreements and finds them reasonable. They are consistent with the Consent Decree entered on September 28, 2011, reflecting a consensus among the Parties on "the best way to resolve [the] complex institutional reform" at issue. (ECF No. 262 at 10.)

The Rule 41(a)(2) Joint Motion for Dismissal with Prejudice is GRANTED. The remaining claims in the Third-Party Complaints (ECF Nos. 428 and 429) are DISMISSED with PREJUDICE with each

party to bear its own fees and costs. The Court retains jurisdiction of the Third-Party Complaints for the limited purpose of interpreting and enforcing the terms of the Agreements of Settlement and Compromise.

So ordered this 10th day of March, 2014.

                                        s/ Samuel H. Mays, Jr.
                                        SAMUEL H. MAYS, JR.
                                        UNITED STATES DISTRICT JUDGE