IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| **THE BOARD OF EDUCATION OF SHELBY COUNTY, TENNESSEE, et al.,** ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. 11-2101 |
| **THE MEMPHIS CITY BOARD OF EDUCATION, et al.,** ) ) ) | |
| Defendants. ) | |

**ORDER GRANTING THE BOARD OF COUNTY COMMISSIONERS OF SHELBY COUNTY, TENNESSEE'S MOTION FOR APPROVAL OF RESOLUTION ON REDISTRICTING AND REDISTRICTING MAP**

Before the Court is the February 28, 2013 Motion for Approval of Resolution on Redistricting and Redistricting Map (the "Motion") by Defendant/Counterclaimant the Board of County Commissioners of Shelby County, Tennessee (the "Shelby County Commission"). (Mot., ECF No. 544.) On March 6, 2014, the Shelby County Election Commission (the "Election Commission") responded. (ECF No. 547.) The Election Commission takes no position on the issues raised in the Motion but urges swift review because the filing deadline for candidates in the 2014 County General Election is April 3, 2014. (Id. ¶ 3.) For the following reasons, the Motion is GRANTED.

On August 7, 2013, this Court issued an Order granting in part and denying in part the Shelby County Commission's Motion for Approval of Resolution on Redistricting and Redistricting Map, holding that newly added members of the Shelby County Board of Education must be elected.  (ECF No. 532.)  Since then, six municipalities in Shelby County, Arlington, Bartlett, Collierville, Germantown, Lakeland, and Millington, have established their own municipal school districts, the boundaries of which are coextensive with the boundaries of the municipalities.  (Mot, ECF No. 544 at 2.)  Each of the municipalities has elected its own school board to govern the affairs of its municipal school district.  The residents of the municipalities will reside in separate municipal school districts, and the remaining residents of Shelby County will reside in the Shelby County School District.

Since the establishment of the six municipal school districts, the Shelby County Commission has adopted Item 13, a resolution drawing new districts for the Shelby County Board of Education so that only residents of Shelby County residing in the new Shelby County School District and outside the six municipal school districts will vote for members of the Shelby County Board of Education.  (Item 13, ECF No. 544-1.)  Item 13 increases the number of Shelby County Board of Education members from seven to nine, effective September 1, 2014.  (Mot., ECF No.

2

544 at 4.) The Shelby County Commission has also adopted a redistricting map and created nine new substantially equal school board districts. (ECF No. 544-1 at 6.) The resolution was signed and approved by the County Mayor on February 25, 2014.

Item 13 preserves the terms of office of the two incumbent Shelby County Board of Education members elected to serve Districts 2 and 4 in the 2012 County General Election. (Mot, ECF No. 544 at 4.) It provides that the voters shall elect the seven remaining members of the Shelby County Board of Education at the County General Election to be held in August, 2014. Newly elected members from districts 1, 6, 8, and 9 will serve four-year terms, and members from districts 3, 5, and 7 will serve two-year terms. Item 13 provides that, at the County General Election to be held in August, 2016, the voters will elect five members to the Shelby County Board of Education, one each from districts 2, 3, 4, 5, and 7, who will serve four-year terms.

Under Sixth Circuit precedent, the appropriate jurisdiction for voting and representation on a school board is the school district, not the entire county. See Duncan v. Coffee County, 69 F.3d 88 (6th Cir. 1995); Board of County Comm'rs of Shelby County, Tenn. v. Burson, 121 F.3d 244 (6th Cir. 1997). In Duncan, the court found that there is a strong presumption for

3

including voters in the "appropriate jurisdiction." Duncan, 69 F.3d at 94. The appropriate jurisdiction is "the school district, not the entire county." Id. Inclusion of out-of-district voters would be permissible only if they had a "substantial interest" in the election. Id. In Burson, the court concluded that a law requiring inclusion of out-of-district voters in the election of school board members was unconstitutional because the dilution of the "weight" of citizens' votes would be significant and because the out-of-district voters did not have the type of "substantial interest" to justify that dilution. Burson, 121 F.3d at 247, 251.

Item 13 appropriately includes in the electorate for the Shelby County Board of Education only those voters who will reside in the Shelby County School District. See id.

The Court has reviewed the redistricting map and the precinct allocations for each school board district, all of which are attached as Exhibit A to this Order together with the text of the resolution adopted as Item 13. The nine school board districts are of substantially equal population, compact, contiguous, respectful of political divisions, and representative of the community. The number of Board members, the method of selection, and the proposed school board districts are consistent with the Consent Decree entered on September 28,

4

5

2011. The Motion is GRANTED, and the redistricting and the redistricting map are APPROVED.

So ordered this <u>11th</u> day of March, 2014.

<u>s/ Samuel H. Mays, Jr.</u>
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE
